UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLORIA WINLAND,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05778 BHS JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: August 22, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. Nos. 21, 25, 26).

After considering and reviewing the record, the Court finds that the psychological evaluation completed by David R. Truhn, PsyD, who opined plaintiff had functional limitations consistent with a finding of disability under the Act, justifies remand under

sentence six of 42 U.S.C. § 405(g), because there is a reasonable possibility that this new evidence would have changed the outcome of plaintiff's claim.  Additionally, the ALJ erred in his assessment of the medical opinion of state agency reviewing psychologist Dorothy Anderson, PhD, who concluded that plaintiff was able to understand, remember, and carry out no more than one-to two-step instructions.   This error is significant because Dr. Anderson's opinion was more restrictive than the residual functional capacity assessment relied on by the ALJ to find plaintiff not disabled.

## BACKGROUND

Plaintiff, GLORIA WINLAND, was born in 1966 and was 42 years old on the alleged date of disability onset of March 1, 2009 (*see* Tr. 188-89, 190-93). Plaintiff has a bachelor's degree in business management (Tr. 45).  Plaintiff has work experience marketing health care items and in retail (*see* Tr. 207-14).

According to the ALJ, plaintiff has at least the severe impairments of "history of lymphoma, in remission; major depressive disorder; panic disorder; and, chronic knee pain (20 CFR 404.1520(c) and 416.920(c))" (Tr. 19).

At the time of the hearing, plaintiff was living with her boyfriend (Tr. 62).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Tr. 88, 89, 95-102, 107-111). Plaintiff's requested hearing was held before Administrative Law Judge Riley J. Atkins ("the ALJ") on December 21,

1  2011 (*see* Tr. 36-87). On February 9, 2012, the ALJ issued a written decision in which

2  the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see*

3  Tr.14-33).

4  On June 24, 2013, the Appeals Council denied plaintiff's request for review,

5  making the written decision by the ALJ the final agency decision subject to judicial

6  review (Tr. 1-6).  *See* 20 C.F.R. §§ 404.981, 416.1481.  Plaintiff filed a complaint in this

7  Court seeking judicial review of the ALJ's written decision in September, 2013 (*see* Dkt.

8  Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.")

9  on February 21, 2014 (*see* Dkt. Nos. 18, 19).

10

11  In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or

12  not remand is necessary for consideration of the March 1, 2012, evaluation of David

13  Truhn, PsyD, which was submitted to the Appeals Council; (2) Whether or not the ALJ

14  properly considered the opinion of the state agency medical consultant Dorothy Anderson

15  PhD; and (3) Whether or not the ALJ properly considered the lay witness testimony (*see*

16  Dkt. No. 21, p. 1).

17  STANDARD OF REVIEW

18  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

19  denial of social security benefits if the ALJ's findings are based on legal error or not

20  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

21  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

22  1999)).

23

24  //

## DISCUSSION

(1) Whether or not remand is necessary for consideration of the March 1, 2012, evaluation of David Truhn, PsyD, which was submitted to the Appeals Council;

Plaintiff argues that the psychological evaluation of David R. Truhn, PsyD, which plaintiff obtained approximately one month after the ALJ decision and submitted for the first time to the Appeals Council, justifies remand under sentence six of 42 U.S.C. § 405(g). *See* Dkt. No. 21, pp. 10-13. Although the Appeals Council looked at this new evidence, it did not consider Dr. Truhn's evaluation in denying plaintiff's request for review of the ALJ decision (Tr. 2). Instead, the Appeals Council determined that Dr. Truhn's evaluation was "about a later time" and not relevant to the time period at issue in the ALJ's decision (*see* Tr. 2). For this reason, Dr. Truhn's evaluation was not made part of the administrative record, which this Court must consider in determining whether or not the Commissioner's decision is supported by substantial evidence. *See Brewes v. Comm'r of the Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

"Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100, and n. 2 (1991)). Defendant concedes that Dr. Truhn's evaluation is new evidence and that plaintiff had good cause for not presenting this evidence before the agency. *See* Dkt. No. 25, p. 5. Defendant, disputes, however that Dr. Truhn's evaluation satisfies the materiality requirement of sentence six. Defendant

argues that Dr. Truhn's evaluation is not material because the ALJ, in issuing his written decision, implicitly determined that the existing record was adequate to allow for proper evaluation of the evidence and that there was no need for further development. Dkt. No. 25, p. 5. This Court finds defendant's reasoning unpersuasive.

Although the record below may have been sufficient for the ALJ to render a decision, the Ninth Circuit has "repeatedly emphasized that '[t]he Social Security Act is remedial, to be considered liberally.'" *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1381 (9th Cir. 1984) (*quoting Doran v. Schweiker*, 681 F.2d 605, 607 (9th Cir. 1982). New evidence is material "'where there is a *reasonable possibility* that the new evidence would have changed the outcome of the [Commissioner's] determination had it been before [her].'" *Booz*, 734 F.2d at 1380 (*quoting Dorsey v. Heckler*, 702 F.2d 597, 604-05 (5th Cir. 1983))(emphasis in original). The new evidence also must "bear [] directly and substantially on the matter in dispute." *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982).

The functional limitations caused by plaintiff's mental impairments were squarely at issue before the ALJ. At step-two of the sequential disability evaluation process, the ALJ determined plaintiff's major depressive disorder and panic disorder were severe impairments (Tr. 19). Based on these impairments, the ALJ limited plaintiff to engaging in no more than occasional public contact and "simple routine repetitive work" (Tr. 21). Additionally, at the hearing, plaintiff argued that she did not "think the record has been fully explored" regarding the impact of her anxiety on her functional limitations (Tr. 41-42). Consistent with plaintiff's assertion, there is minimal evidence in the record

regarding the functional limitations caused by plaintiff's mental impairments.  Indeed, the ALJ noted that the record "does not support many of [plaintiff's] allegations concerning her mental impairments" (Tr. 23).

The record reflects that plaintiff was evaluated by consultative psychological examiner Alison Prescott, Ph.D., in October 2009(*see* Tr. 372-79).  Dr. Prescott completed a clinical interview and mental status examination ("MSE"), and diagnosed major depressive disorder and panic disorder (*see* Tr. 372-79).  Upon MSE, Dr. Prescott observed that plaintiff's "affect was very restricted and also labile. She shows an agitated depressed mood.  She cried during the interview. . . She reports significant depression and does appear to be very depressed" (Tr. 374).   Dr. Prescott offered no opinion, however, regarding plaintiff's functional limitations.

In addition to Dr. Prescott's evaluation, plaintiff's treating sources made occasional observations regarding plaintiff's mental state.  These references vary from observing that plaintiff presented with a normal mental state or that plaintiff's anxiety was much improved with medications, to observing that plaintiff was very anxious and very depressed, crying and generally unnerved by her cancer diagnosis and treatment choices (*compare* Tr. 428, 525, 535 *to* Tr. 527, 547).

Plaintiff also obtained mental health counseling at LifeWorks NW during the period of time relevant to her claim (*see* Tr. 613-32, 683-95).  However, plaintiff's counselors never provided a diagnosis nor offered any opinion regarding plaintiff's functional limitations (*see* Tr. 613-32, 683-95).  Indeed, no treating or examining psychologist offered an opinion regarding plaintiff's functional limitations.  In assessing

plaintiff's mental residual functional capacity ("RFC") the ALJ relied instead on the opinion of state agency reviewing psychologist Dorothy Anderson, PhD (*see* Tr. 24, 381-94, 403-06).

In contrast, Dr. Truhn performed a comprehensive psychological evaluation--which included a clinical interview, MSE, records review, and extensive psychometric testing. *See* Dkt. No. 21-1, pp. 1-20. Dr. Truhn's evaluation included the Wechsler Adult Intelligence Scale-Fourth Edition ("WAIS-IV"), Comprehensive Trail Making Test ("CTMT"), Wide Range Achievement Test-4 ("WRAT-4"), Minnesota Multiphasic Personality Inventory-2-RF("MMPI-2-RF"), and Millon Clinical Multiaxial Inventory-III ("MCMI-III"). *See* Dkt. No. 21-1, pp. 9-12. Based on this evaluation, Dr. Truhn diagnosed plaintiff with major depressive disorder, post traumatic stress disorder, panic disorder, and personality disorder with dependent, avoidant and histrionic features, and offered an assessment of plaintiff's functional limitations. *See* Dkt. No. 21-1, p. 13.

Among other limitations, Dr. Truhn opined plaintiff would have a "severe" limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Dkt. No. 21-1, p. 18. Dr. Truhn defined "severe" as a limitation that "precludes the individual's ability usefully to perform the designated activity or to sustain performance of the designated activity." Dkt. No. 21-1, p. 17. This is significant because the vocational expert ("VE") testified that if an individual were absent from work two days per month they would not be employable (*see* Tr. 84). Dr. Truhn further opined that plaintiff's functional limitations existed at this level of severity since March 2009. Dkt. No. 21-1, p. 20.

Considering the record as a whole, this Court finds that there is a reasonable possibility that Dr. Truhn's report would have changed the outcome of the present case. *See Booz,* 734 F.2d. at 1380.  This is because the ALJ gave great weight to the opinion of reviewing psychologist Dr. Anderson, which was the only medical opinion regarding plaintiff's mental limitations in the record before the ALJ.  However, Dr. Truhn's evaluation is more comprehensive than Dr. Anderson's evaluation (*compare* Tr. 372-79 *to* Dkt. No. 21-1, pp. 1-20), and an examining psychologists opinion generally is "entitled to greater weight than the opinion of a nonexamining [psychologist]." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).  Also, in reaching his opinion regarding plaintiff's functional limitations, Dr. Truhn reviewed many of the same medical records reviewed by Dr. Anderson (*compare* Tr. 393 *with* Dkt. No. 21-1, pp. 12-13).  *See Lester,*81 F.3d at 831 (noting that where a non-examining physician and an examining physician rely on the same clinical findings, but come to different conclusions based on those findings, the ALJ should give greater weight to the conclusions of the examining physician).

Additionally, although the Appeals Council's decision not to include Dr. Truhn's evaluation in the administrative record is not subject to judicial review[1]  it is, nonetheless, important to note that the Appeals Council's finding that Dr. Truhn's evaluation was about a later time, and therefore did not affect the ALJ decision that plaintiff was not

---

[1] If a request for review is denied by the Appeals Council, "the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Commissioner of the Social Security Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004); *see also* 20 C.F.R. §§ 416.1468, 416.1481.

disabled before February 9, 2012, appears to be based on an erroneous reading of Dr. Truhn's assessment, which indicates plaintiff's mental limitations were present as early as March 2009 (Tr. 2); Dkt. No. 21-1, p. 20; *see also* 42 U.S.C. 405(g); *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (limiting judicial review to a final decision of the Commissioner made after a hearing).  Had the Appeals Council accurately noted that Dr. Truhn's assessment of plaintiff's functional limitations related to the relevant period in plaintiff's claim, it is reasonable to assume the Appeals Council would have considered this evidence in deciding whether or not to review the ALJ's decision.  For these reasons, this Court recommends that this case be remanded under sentence six of 42 U.S.C. § 405(g).

> (2)     Whether or not the ALJ properly considered the opinion of the State Agency medical consultant Dorothy Anderson, PhD.

Plaintiff also argues that the ALJ erred in his consideration of the medical opinion of state agency medical consultant Dr. Anderson.  *See* Dkt. No. 21, pp. 13-16.  An ALJ must, however, consider and evaluate any assessment of a claimant's RFC by a state agency medical consultant.  Social Security Ruling ("SSR") 96-6p, 1996 WL 374180*4.  Specifically, plaintiff argues that the ALJ erred by failing to adopt or offer any reason to reject Dr. Anderson's opinion that plaintiff "is able to understand, remember, and carry out short instruction (1-2 steps). [Plaintiff] is not able to understand, remember and carry out more detailed instructions, so tasks should be broken down into simple task sequences" (Tr. 405).   Plaintiff argues that this error is significant because a limitation to one-to-two step tasks is inconsistent with the ability to perform the jobs that require a

reasoning level of two, relied on by the ALJ at step-five of the sequential disability evaluation process to find plaintiff not disabled under the Act.

The DOT indicates that jobs requiring a reasoning level of two involve the ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix C, available at 1991 WL 688702 (1991). By comparison, reasoning level one jobs require a worker to "[a]pply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id*.

The parties agree that all three of the jobs identified by the ALJ at step-five require reasoning level two. Defendant argues that the ALJ's RFC finding that plaintiff was limited to "simple routine repetitive work on a consistent basis" reasonably accommodated Dr. Anderson's limitations. Dkt. No. 25, pp. 12-15. Citing *Meissl v. Barnhart*, 403 F.Supp.2d 981, 983 (C.D. Cal 2005), defendant argues that the terms "simple" and "detailed" used in the Dictionary of Occupational Titles ("DOT") and the Social Security regulations do not have the same meaning. Dkt. No. 25, p. 12.

*Meissl*, however, is distinguishable from the case at bar. The court in *Meissl*, 403 F.Supp.2d at 984, found that a reasoning level of two was consistent with the ALJ's finding that the claimant was limited to work involving simple tasks performed at a routine or repetitive pace. Here, however, Dr. Anderson's opinion equates "simple task sequences" with short instructions involving one- to two-steps and specifically indicates

plaintiff is not capable of carrying out more detailed instructions (*see* Tr. 405 (noting plaintiff "is able to understand, remember, and carry out short instruction (1-2 steps)" but is "not able to understand, remember and carry out more detailed instructions, so tasks should be broken down into simple task sequences")).

The limitations opined by Dr. Anderson match more closely the DOT definition of reasoning level one jobs. *See* DOT, Appendix C, available at 1991 WL 688702 (1991) (reasoning level one jobs require a worker to "[a]pply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job"). For this reason, the ALJ's failure to offer any reason to reject the functional limitations opined by Dr. Anderson was not harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted) (noting that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'")). As such, on remand the Commissioner also should reassess the medical opinion of Dr. Anderson.

## CONCLUSION

The undersigned recommends that this matter be **REMANDED** pursuant to sentence six of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. This case should not be closed, as this Court retains jurisdiction of this action pending further administrative development of the record. *See* 42 U.S.C. § 405(g); *see also Shalala v. Schaefer*, 509 U.S. 292, 297-300 (1993).

Following remand, the record should be supplemented to include the March 1, 2012, psychological evaluation report of Dr. Truhn. The Commissioner also shall re-evaluate the medical opinion evidence of Dr. Anderson, in accordance with the findings contained herein. The Commissioner then shall modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the Court any such additional or modified findings of fact and decision. If the outcome still is not fully favorable to plaintiff, the Commissioner shall file with the Court a transcript of the additional record and testimony on which the Commissioner's action in modifying or affirming is based, and plaintiff may seek judicial review by reinstating this case rather than by filing a new complaint.

If the outcome is fully favorable to plaintiff, the parties shall move this Court for entry of judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 22, 2014, as noted in the caption.

Dated this 25th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 12